UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER ANDREWS,                                        Case No. 25-11169

      Plaintiff,                                       F. Kay Behm

v.                                                       United States District Judge

NASCAR ENTERPRISES LLC,
MICHIGAN INTERNATIONAL
SPEEDWAY LLC, AND JERRY
POLLARD,

      Defendants.

and

JERRY POLLARD,

      Cross-Plaintiff,

v.

NASCAR ENTERPRISES LLC, AND
MICHIGAN INTERNATIONAL
SPEEDWAY LLC,

      Cross-Defendants.
_____/

**OPINION AND ORDER ON MOTION TO
DISMISS CROSS-COMPLAINT (ECF No. 25)**

I.     **PROCEDURAL HISTORY**

Plaintiff, Jennifer Andrews, brings this action under Title VII and the

Elliott-Larsen Civil Rights Act (ELCRA) against Defendants NASCAR

1

Enterprises LLC, Michigan International Speedway LLC (MIS) and Jerry Pollard.  (ECF Nos. 1, 14).  Defendant Pollard filed a cross-claim against Defendants MIS and NASCAR for indemnity, contribution, and a duty to defend.  (ECF No. 23).  MIS and NASCAR filed a motion to dismiss the cross-complaint.  (ECF No. 25).[1]  That motion is fully briefed.  (ECF Nos. 27, 31).  The court held a hearing on the motion on April 22, 2026.  For the reasons set forth below, the court **GRANTS** the motion to dismiss the indemnification and duty to defend claims in the Cross-Complaint.

## II.    FACTUAL BACKGROUND

According to the Amended Complaint, Plaintiff worked for MIS and NASCAR where her direct manager and supervisor, Jerry Pollard, pressured and coerced her into flirting with him and exchanging sexualized pictures with him.  (ECF No. 14, ¶ 2).  If Plaintiff did not flirt with Pollard, he then punished her with worse job assignments, acted hostile toward her and treated her poorly, and threatened her job security.  *Id*. at ¶ 3.  Pollard's attitude toward Plaintiff improved dramatically when she showed him even the slightest interest.  *Id*.  He promised her better shifts, better hours, and a promotion to a

---

[1] Defendants do not appear to seek dismissal of Pollard's contribution claim.  A statutory contribution claim is permitted between joint tortfeasors under ELCRA.  *See Donajkowski v. Alpena Power Company*, 460 Mich. 243 (1999).

better job. *Id*. Plaintiff eventually relented and acquiesced to Pollard's advances by flirting with him and exchanging sexualized pictures with him. *Id*. at ¶ 4. Plaintiff later decided to stop flirting with Pollard and refused to exchange sexualized pictures with him. *Id*. at ¶ 5. She could no longer tolerate it and told him it had to stop. *Id*. Pollard fired Plaintiff the next day. *Id*. at ¶ 6. Plaintiff brings claims for sexual harassment, discrimination, and retaliation under Title VII against MIS and NASCAR. (ECF No. 14, Counts 1-3). She also brings claims of sexual harassment, discrimination, and retaliation under ELCRA against Pollard, MIS, and NASCAR. (ECF No. 14, Counts 4-6).

Pollard brings a cross-claim against his co-defendants for common law indemnity, contribution, and for a declaration of their duty to provide him representation and a defense. (ECF No. 23, ¶ 1). Pollard denies all liability to Plaintiff and asserts that any damages sustained by her were caused, in whole or in part, by the actions and omissions of NASCAR and MIS. *Id*. at ¶ 3. The claims asserted against Pollard arise from actions alleged to have occurred during the performance of his employment on behalf of his co-defendants. *Id*. at ¶ 6. Under Mich. Comp. Laws § 450.4216 and applicable common law, Pollard asserts that MIS and NASCAR have the "authority and obligation to indemnify and defend" him against all claims, damages and

expenses in this action.  *Id*. at ¶ 7.  NASCAR and MIS employed Pollard and had the duty to supervise, monitor, and control workplace policies, conditions, and enforcement.  *Id*. at ¶ 8.  To the extent Pollard is found liable to Plaintiff, Pollard alleges that such liability would be vicarious, derivative, or secondary to the direct acts and omissions and NASCAR and MIS.  *Id*. at ¶ 9.  According to the Cross-Complaint, Pollard is therefore entitled to full indemnity from NASCAR and MIS under Michigan common law.  *Id*. at ¶ 10.

## III.   ANALYSIS

### A.   Standard of Review

In deciding a motion to dismiss under Rule 12(b)(6), the court "must construe the complaint in the light most favorable to the [nonmoving party] … [and] accept all well-pled factual allegations as true." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007); *see also Yuhasz v. Brush Wellman, Inc*., 341 F.3d 559, 562 (6th Cir. 2003).  The complaint must provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Moreover, the complaint must "contain[ ] sufficient factual matter, accepted

as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief, such as "when an affirmative defense ... appears on its face." *Jones v. Bock*, 549 U.S. 199, 215 (2007) (quotation marks omitted). A claim has "facial plausibility" when the nonmoving party pleads facts that "allow[ ] the court to draw the reasonable inference that the [moving party] is liable for the misconduct alleged." *Id*. at 678. However, a claim does not have "facial plausibility" when the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id*. at 679. The factual allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens*, 500 F.3d at 527. Showing entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

In evaluating the allegations in the complaint, the court must be mindful of its limited task when presented with a motion to dismiss under Rule

12(b)(6).  At the motion-to-dismiss stage, the court does not consider whether the factual allegations are probably true; instead a court must accept the factual allegations as true, even when skeptical.  *See Twombly*, 550 U.S. at 555 (a court must proceed "on the assumption that all the allegations in the complaint are true (even if doubtful in fact)"); *id*. at 556 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable"); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance … dismissals based on a judge's disbelief of a complaint's factual allegations").  Indeed, in assessing the sufficiency of a complaint, the court must determine only whether "'the claimant is entitled to offer evidence to support the claims,' not whether the plaintiff can ultimately prove the facts alleged."  *See United States v. SouthEast Eye Specialists, PLLC*, 570 F. Supp. 3d 561, 574 (M.D. Tenn. 2021) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)).

     B.     <u>Duty to Indemnify Under Mich. Comp. Laws § 450.4216</u>

     Mich. Comp. Laws § 450.4216 provides that "[e]xcept as otherwise provided in an operating agreement, a limited liability company *may* do any of the following: (a) Indemnify, hold harmless, and defend a member, manager, or other person from and against any and all losses, expenses, claims, and

demands sustained by that person..." (Emphasis added).  Pollard contends

that NASCAR and MIS are obligated to indemnify and defend hm under this

provision.  NASCAR and MIS argue that the statute is permissive and provides

no basis to impose those obligations on them.  The court agrees with NASCAR

and MIS.  In *Select Distributors, LLC v. Breeze Smoke, LLC*, 2021 WL 3401220,

at *4 (E.D. Mich. Aug. 4, 2021), the plaintiff's sole member argued that his

status as the sole member of the corporate debtor absolved him from being

held personally in contempt for trademark infringement, in violation of the

court's injunctive order.  However, the court clarified that Mich. Comp. Laws

§ 450.4216 was inapplicable because it merely allows LLCs to indemnify

members if they so choose.  *Id*.  Without an indemnification agreement, there

was no evidence that the plaintiff had to indemnify or hold harmless its sole

member.  *Id*.  Similarly, Pollard makes no allegation that any such

indemnification agreement exists that would require MIS and NASCAR to

indemnify or defend him against the ELCRA claims asserted here.  Thus,

indemnification is not available under § 450.4216, nor is there any apparent

duty to defend.

Pollard argues, however, that the permissive language of § 450.4216

does not "preclude" a claim for indemnity.  He says that Michigan courts have

recognized implied indemnification rights where equity and the parties'

relationship warrant shifting liability.  He points to the statement in *Langley v.*

*Harris Corp.*, 413 Mich. 592, 597 (1982) that "[t]he right to indemnity may

arise, in the absence of an express agreement, to prevent a result regarded as

unjust or unsatisfactory where the relationship between the parties entitles

the one held liable to shift its total loss."  Pollard does not explain what

relationship would entitle him to shift his total loss to Defendants.

Presumably, Pollard intends to rely on the employment relationship.

However, he cites no authority for the proposition that an employee may shift

his own individual liability to his employer under ELCRA.  Particularly under

the circumstances here where the Amended Complaint does not allege that

Pollard's liability arises from the actions of MIS or NASCAR.

Pollard's attempt to rely on the Restatement (Third) of Agency

§ 8.14(2)(b) – a principal has duty to indemnify an agent "when the agent

suffers a loss that fairly should be borne by the principal in light of their

relationship – is unavailing.  The court agrees with Defendants that agency

principles alone do not override the plain language of § 450.4216, which uses

permissive language to *allow* an LLC to indemnify and defend an employee.

Nothing in the Restatement or other authority offered by Pollard suggests that

an employer is *required* to indemnify and defend an employee under ELCRA. Indeed, the Restatement also clearly states an employer is not required to indemnify losses resulting from the agent's own negligence, illegal acts, or other wrongful conduct. Restatement (Third) of Agency, § 8.14, Comment (b). This is consistent with Michigan law, which requires the party seeking indemnity to plead and prove freedom from personal fault. *Langley*, 413 Mich. at 597. In other words, the party seeking indemnity must be free from active or causal negligence. *Id*. As discussed in more detail below, Pollard cannot do so here because the underlying Amended Complaint alleges active fault on the part of Pollard under ELCRA. For all these reasons, Pollard's claim for indemnity under § 450.4216 fails.

As to the duty to defend, Pollard seemingly admits that he can point to no agreement that would contractually require MIS and NASCAR to provide a defense or advance defense costs under § 450.4216. (ECF No. 27, PageID.195) ("Pollard, at this stage, has not been able to conduct discovery regarding any insurance policy or other agreement held by the Cross-Defendants that may contractually require them to provide defense or advancement of defense costs."). At most, Pollard alleges that § 450.4216 "expressly allows" an LLC to defend a manager or person against losses,

9

expenses, claims and demands.  But again, Pollard points to no agreement requiring Defendants to provide him with a defense or other authority suggesting that an employer is obligated to do so on behalf of its employee. His claim that he was acting in the course of his employment and denies any personal fault, by itself, does not establish a duty to defend.

C.    Common Law Indemnification

MIS and NASCAR argue that Pollard cannot pursue common law indemnification because Plaintiff's Amended Complaint indicates that she is seeking relief from Pollard for his own alleged misconduct.  According to Defendants, since Pollard is alleged to be actively at fault, his claims for common law indemnification must fail.

"[T]he right to common-law indemnification is based on the equitable theory that where the wrongful act of one party results in another party's being held liable, the latter party is entitled to restitution for any losses." *Botsford Continuing Care Corp. v. Intelistaf Healthcare, Inc*., 292 Mich. App. 51, 62 (2011) (quoting *Lakeside Oakland Dev., LC v. H & J Beef Co*., 249 Mich. App. 517, 531 (2002)).  "The right exists independently of statute, and whether or not contractual relations exist between the parties, and whether or not the negligent person owed the other a special or particular legal duty not to be

10

negligent." *Id*. (internal citation and quotation omitted).  "It has long been held in Michigan that the party seeking indemnity must plead and prove freedom from personal fault.  This has been frequently interpreted to mean that the party seeking indemnity must be free from active or causal negligence." *Id*. (internal citation and quotation omitted).  "Therefore, a common-law indemnification action 'cannot lie where the plaintiff was even .01 percent actively at fault.'" *Id*. (quoting *St. Luke's Hosp. v. Giertz*, 458 Mich. 448, 456 (1998)).  To determine whether the party seeking indemnification is vicariously liable or actively liable "for purposes of determining the availability of common-law indemnity," the court looks to the "primary plaintiff's complaint." *Id*. (quoting *Parliament Constr. Co. v. Beer Precast Concrete Ltd*., 114 Mich. App. 607, 612 (1982)).  "If the primary plaintiff's complaint contained any allegations of active negligence, rather than merely allegations of passive negligence, common-law indemnification is not available." *Id*.; *see also Peeples v. City of Detroit*, 99 Mich. App. 285, 293 (1980) ("If [the primary plaintiff's] complaint alleges 'active' negligence, as opposed to derivative liability, the defendant is not entitled to common-law indemnity.").

While Pollard alleges in his Cross-Complaint that he is free from fault, Plaintiff's Amended Complaint says otherwise. The Amended Complaint alleges that Pollard developed a sexual interest in Plaintiff and flirted with her. (ECF No. 14, ¶ 19). When she resisted his sexual advances, Pollard punished Plaintiff and treated her poorly by assigning her to work in locations segregated from other employees, speaking angrily toward her, acting in a hostile demeanor toward her, speaking negatively about her and gossiping behind her back, and nitpicking her work and otherwise singling her out for criticism and ridicule. *Id*. at ¶¶ 20, 21. Pollard would also threaten Plaintiff's job security and suggest that she would be fired when she did not flirt with him. *Id*. at ¶ 21. When Plaintiff eventually relented and flirted with Pollard, he treated her better and promised her a better shift, more hours, and a promotion. *Id*. at ¶ 23. Pollard then increased his efforts and pressured Plaintiff into sending him sexualized pictures of herself. *Id*. at ¶ 24. Plaintiff felt she had no choice but to send Pollard sexualized pictures of herself, knowing that he would treat her poorly and fire her if she refused. *Id*. at ¶ 25. Eventually, Plaintiff could not tolerate the demands for sexting any further. *Id*. at ¶ 32. The day after she told Pollard that she would no longer engage in sexting with him anymore, unfriended him on Facebook, and refused to

attend a private meeting outside of work that she characterizes as "ruse" concocted by Pollard to further prey on her, Pollard fired her. *Id*. at ¶¶ 34, 35.

Pollard is not alleged, in the Amended Complaint, to be vicariously liable for any alleged misconduct by MIS or NASCAR. Instead, the Amended Complaint alleges that Pollard should be found liable under ELCRA based on his own alleged active misconduct. Accordingly, Pollard cannot seek common law indemnification against Defendants.

Pollard argues, however, that a party is not barred from seeking common law indemnity from a third-party simply because the underlying complaint alleges that they were actively negligent. Pollard's theory is based on cases decided in the context of a motion for summary judgment and where the courts held, in such circumstances, they were not limited to consideration of the primary plaintiff's pleadings. *See Peeples*, 99 Mich. App. at 293 (Trial court was not limited to the primary plaintiff's pleadings in the context of a motion for summary judgment on indemnity claim and properly considered all the evidence presented.); *Fishbach-Natkin, Inc. v. Shimizu Am. Corp.*, 854 F. Supp. 1294, 1301 (E.D. Mich. 1994) (The court rejected the defendants' argument that where the underlying complaint alleges active negligence on the part of the party seeking indemnity, the court had no

discretion but to grant summary judgment in favor of the party from whom indemnity was sought, relying on *Peeples*.).  Here, in the context of a motion to dismiss a cross-claim for indemnification, the court is bound by the general rule that the underlying complaint controls.  *See e.g.*, *Eads v. Simon Container Mach., Inc.*, 676 F. Supp. 786, 789 (E.D. Mich. 1987) ("[S]ince the underlying complaint alleges active negligence on the part of Automated, Automated has failed to state a claim against Westvaco for indemnification."); *React Presents, Inc. v. Eagle Theater Ent., LLC*, No. 16-13288, 2018 WL 3859888, at *3 (E.D. Mich. Aug. 10, 2018) (Cross-complaint for indemnification failed to stated a claim on which relief may be granted where underlying complaint alleged liability for the intentional tort of fraud.); *Franz v. City of Pontiac*, 432 F. Supp. 2d 717, 720 (E.D. Mich. 2006) (Motion to dismiss cross-complaint for indemnification granted where the complaint alleged active negligence under ELCRA by party seeking indemnification).  Thus, the court concludes that Pollard has failed to state a claim for common law indemnification against MIS and NASCAR.

D.     <u>Request for Leave to Amend the Cross-Complaint</u>

If the court grants Defendants' motion to dismiss, which the court has done here, Pollard requests leave to amend, claiming it would not be futile.

Without a proposed Amended Cross-Complaint, supported by the briefing of the parties, the court cannot assess futility.  The court will allow Pollard to file a motion for leave to amend the Cross-Complaint, which must comply with Local Rule 15.1.

## IV.    CONCLUSION

For the reasons set forth above, the court **GRANTS** the motion to dismiss the indemnification and duty to defend claims in the Cross-Complaint.  The court will allow Defendant Pollard to file a motion for leave to amend the Cross-Complaint within 14 days of entry of this Order.

**SO ORDERED**.

Date:  April 23, 2026                          s/F. Kay Behm
                                               F. Kay Behm
                                               United States District Judge

15